IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LANEY LLAMAS, mother and
next friend of D.T. Jr.,

                Plaintiff,

  Vs.                                                                                                                         No. 04-4080-SAC

THE CITY OF TOPEKA, KANSAS;
BOARD OF COUNTY COMMISSIONERS
FOR SHAWNEE COUNTY, KANSAS; and
THE ADJUTANT GENERAL'S OFFICE,
STATE OF KANSAS,

                Defendants.

MEMORANDUM AND ORDER

The case comes before the court on a motion for judgment on the pleadings filed by the Adjutant General's Office and the State of Kansas (Dk. 45), a motion to dismiss filed by the City of Topeka, Kansas, (Dk. 51), a motion to join the City's motion to dismiss filed by the Board of County Commissioners for Shawnee County, Kansas (Dk. 53), and the court's order to show cause why these motions should not be considered and decided as an uncontested motion pursuant to D. Kan. Rule 7.4 (Dk. 61). The plaintiff has not filed any response to these motions or to the court's show cause order. Rule 7.4 warns that uncontested motions "ordinarily will be granted without further notice." Following its local

rules, the court will consider and decide the pending motions as uncontested.

**MOTION FOR JUDGMENT ON THE PLEADINGS (Dk. 45).**

The Adjutant General's Office and the State of Kansas move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) arguing the district court lacks subject matter jurisdiction in that the plaintiff's federal civil rights claims were dismissed in the court's prior order and the plaintiff's only remaining claim alleges negligence under state common law. The defendants insist that a federal court loses supplemental subject matter jurisdiction over state law claims when the federal law claims over which the federal court originally and correctly possessed jurisdiction are later dismissed. The defendants conclude the court has "no authority to hear" the plaintiff's state-law claim of negligence and "must dismiss it." (Dk. 45, p. 4). While the defendants have stated the law incorrectly on supplemental jurisdiction, the court will decline to exercise this jurisdiction here and accordingly dismisses the plaintiff's state law claim.

Pursuant to 28 U.S.C. § 1367(c)(3), "[a] district court may decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it had original jurisdiction." *Exum v. U.S. Olympic Committee*, 389 F.3d 1130, 1138 -1139 (10th Cir. 2004). The exercise of supplemental jurisdiction in this situation is discretionary. *Id*; *see Gold v. Local 7 United Food and Commercial*

*Workers Union*, 159 F.3d 1307, 1310 (10th Cir. 1998), *overruled on other grounds*, *Styskal v. Weld County Comm'rs.*, 365 F.3d 855 (10th Cir. 2004). Section 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Gold*, 159 F.3d at 1310. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *see United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial."). Because the plaintiff's federal claims here were dismissed early in the litigation and because the court herein dismisses the plaintiff's case against the other named defendants, the court finds that these factors weigh in favor of the court declining to exercise supplemental jurisdiction over the plaintiff's state law claim.

**MOTION TO DISMISS WITH PREJUDICE (Dk. 51) and MOTION TO**

**JOIN (Dk. 53).**

The Board of County Commissioners for Shawnee County moves to join the City of Topeka's motion to dismiss with prejudice the plaintiff's case due to the plaintiff's failure to comply with numerous discovery deadlines and court orders. The court grants the motion to join. The defendant City lays out in its motion to dismiss the numerous discovery deadlines missed by the plaintiff and the court orders violated or ignored by the plaintiff. Having received nothing in response from the plaintiff, the court treats the City's following statements as factually uncontested.

The magistrate judge's order (Dk. 24) of August 23, 2004, granted her counsel's motion to withdraw and required the plaintiff to notify the court in writing whether she would proceed *pro se* or retain new counsel. The plaintiff failed to notify the court in writing of her intent in this regard. (Dk. 43, n. 2). In a separate order also filed August 23, 2004, (Dk. 25), the magistrate judge directed the parties to conduct their planning meeting by a date certain and for the defendants to prepare the report. The plaintiff appeared at the meeting with a friend, but she was not prepared to discuss the required topics listed in the court's order so she promised the defendants to provide the information later so the report could be prepared. The plaintiff ignored the court order by never providing the information

4

needed for the report other than her phone number.  This same order also set a scheduling conference for October 1, 2004.  The plaintiff violated this order by not attending the scheduling conference.  As later reflected in the magistrate judge's scheduling order, the plaintiff had earlier advised the magistrate judge's assistant of her intent to attend and apparently did not notify the judge's chambers about any change in her plans or intent.

On October 1, 2004, the magistrate judge entered a scheduling order setting various deadlines, including:  the plaintiff's settlement proposal due on November 15, 2004, and the parties' exchange of Fed. R. Civ. P.  26(a)(1) disclosures completed by October 29, 2004.  The plaintiff ignored both deadlines.  On November 17, 2004, the City's attorney telephoned the plaintiff who disclosed that she had moved to Kansas City, Missouri, and that she was looking for an attorney.

Because the plaintiff had not furnished her initial disclosures, the City sought a six-week extension of time to complete the Rule 35 examinations.  (Dk. 43). The magistrate judge granted the extension and admonished the plaintiff that "whether she now proceeds *pro se* or retains new counsel, she is required to comply with the deadlines set forth in the scheduling order."  (Dk. 43, pp. 1-2). The magistrate judge then ordered the plaintiff to "provide the information required

5

by Rule 26(a)(1) to defendants by November 24, 2004," and "to immediately contact the clerk's office with her current contact information" if her Topeka address on file with the court is no longer current. (Dk. 43, p. 2). According to the City, the plaintiff did not provide her Rule 26(a)(1) disclosures by the deadline and has yet to make them. The court's file shows the plaintiff has never contacted the court with a change of address.

The defendant served the plaintiff with interrogatories and requests for production of documents on November 10, 2004. The City's attorney served the plaintiff at the address on file and, after a telephone conversation with the plaintiff, later sent the plaintiff copies of these discovery requests to the plaintiff's address in Kansas City, Missouri, along with a letter reminding the plaintiff that her responses were due on December 10, 2004. The City's attorney telephoned the plaintiff on December 13, 2004, about the outstanding discovery requests, and the plaintiff told counsel that an attorney in Kansas City, Missouri, would be handling the responses. The City filed a motion to compel on December 14, 2004, (Dk. 48), and the plaintiff filed no response.

The magistrate judge granted the City's motion to compel and observed the following:

It does not appear that plaintiff complied with any aspect of the court's

> August 23, 2004 and November 17, 2004 orders. Plaintiff has not contacted the clerk's office with her current contact information or advised the court whether she intends to retain counsel. Moreover, more than one month after the November 24, 2004 deadline set by the court, plaintiff has still failed to provide her initial Rule 26 disclosures. In addition, the City served interrogatories and requests for production of documents on plaintiff on November 10, 2004. Responses to these discovery requests were due on December 10, 2004. Plaintiff has not provided any responses to these requests, nor has she responded to the instant motion to compel (doc. 48).
> . . . .
> The court will also grant the City's pending motions to extend deadlines (docs. 47 & 55). Clearly, plaintiff's frustration of the discovery process has made it impossible for the City to comply with certain scheduling order deadlines. Therefore, the City's time for filing its designations of comparative fault is extended to March 1, 2005. The City's deadline for completing Rule 35 examinations is also extended to March 1, 2005.
> These new deadlines are obviously contingent on plaintiff's compliance with this order. If plaintiff again fails to comply with this discovery order, the undersigned magistrate judge will recommend that the Hon. Sam A. Crow, Senior U.S. District Judge, dismiss plaintiff's claims with prejudice as a sanction for her repeated disregard for this court's orders. In this regard, the undersigned notes that the City filed a motion to dismiss as a discovery sanction on December 15, 2004 (doc. 51). Plaintiff is reminded that, unless an extension is timely sought and granted by Judge Crow, her brief in opposition to the motion to dismiss must be filed by January 7, 2005. Otherwise, Judge Crow might grant the motion to dismiss as uncontested.
> Finally, plaintiff shall show cause in writing to the undersigned magistrate judge by January 11, 2005, why monetary sanctions should not be imposed upon her for her disregard of this court's discovery orders.

(Dk. 56, Order of Dec. 20, 2004, pp. 2--5). The plaintiff continues to violate the above quoted directives by not furnishing her initial Rule 26 disclosures and by not showing cause in writing to the magistrate judge.

7

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). The rules authorize sanctions, including dismissal, for conduct such as failing to obey discovery orders, Fed. R. Civ. P. 37(b)(2)(C), or failing to comply with court rules or a court order, Fed. R. Civ. P. 41(b). The appropriateness of a dismissal sanction under either rule is a determination made under the same criteria. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994).

Because of its severity as a sanction, dismissal should "be predicated upon 'willfulness, bad faith, or [some] fault of peitioner' rather than inability to comply," *Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 636, 640 (19)), and "should be imposed only if a 'lesser sanction would not serve the ends of justice,'" *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (quoting *Reed*, 312 F.3d at 1195). The sanctioning court should "evaluate the following factors on the record:  (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for

8

noncompliance; and (5) the efficacy of lesser sanctions." *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  "[T]hese factors are not a 'rigid test,'" for deciding the appropriate sanction "is a fact specific inquiry that the district court is in the best position to make." *Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d at 1174 (quoting *Ehrenhaus*, 965 F.2d at 920-21).  "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus*, 965 F.2d at 918.

After applying these factors to the facts here, the court is convinced that the interests of justice would only be served by a dismissal with prejudice.  As recounted above, the plaintiff's complete failure to provide discovery, to meet the discovery dates ordered by the magistrate judge and to comply with the different judicial orders has frustrated the entire discovery process.  These actions have severely prejudiced the defendants' ability to defend this suit and prepare for trial.  The defendants have been forced to seek extensions of the different discovery deadlines in order to preserve an opportunity to conduct discovery if and when the plaintiff ever satisfies her discovery obligations.  Delays created by a party's failure to meet discovery deadlines and failure to cooperate with discovery prejudice the

other parties by increasing the expense of time and attorney's fees.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *Witherspoon v. Roadway Express, Inc.*, 142 F.R.D. 492, 493 (D. Kan. 1992).  By not cooperating or participating in the pretrial discovery, by not providing the court with current contact information, and by not communicating with the court as directed, the plaintiff has disrupted the entire judicial processing of her case.  The record affords no meaningful basis for mitigating the plaintiff's culpability, for she appears *pro se* and has failed repeatedly to comply with several critical orders despite warnings.  The plaintiff's failures cannot be minimized as mere oversight considering the lengths to which the defendants and court have gone to communicate with the plaintiff and to keep her informed of her evolving responsibilities.  Indeed, the magistrate judge's order on December 30, 2004, directly warned the plaintiff that her failure to comply with discovery deadlines would result in a recommended dismissal of her case and her failure to respond to the defendant's motion to dismiss could result in the district court granting the defendant's motion as uncontested.  The plaintiff has been warned that the court would consider dismissal as a likely sanction for her continuing failure to prosecute the case.  In light of the plaintiff's willful disregard for the court's orders and complete refusal to cooperate with discovery, the court concludes that any sanction short of dismissal with prejudice would not be

appropriate.

IT IS THEREFORE ORDERED that the motion for judgment on the pleadings filed by the Adjutant General's Office and the State of Kansas (Dk. 45) is granted insofar as the court declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claim and dismisses the same without prejudice;

IT IS FURTHER ORDERED that the motion to dismiss with prejudice filed by the City of Topeka, Kansas, (Dk. 51) and the motion to join the City's motion to dismiss filed by the Board of County Commissioners for Shawnee County, Kansas, (Dk. 53) are granted.

Dated this 8th day of March, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge